```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CHARTER OAK FIRE INSURANCE COMPANY
a/s/o SUNWAY ASSOCIATES,

        -AND-
                                                    Civil Action No. 06-2160
LIBERTY MUTUAL FIRE INSURANCE                       (DRH)(MLO)
COMPANY a/s/o CARPET EMPORIUM,

                Plaintiffs,

        -against-

TRI-COUNTY FIRE & SAFETY EQUIPMENT
CO., and BREAD & BUTTER, LLC,

                Defendants.
-------------------------------------------------------------X
BREAD &BUTTER LLC., d/b/a SWEENEY'S
AMERICAN GRILL,

                Third-Party Plaintiff,

        -against-

L.B. KITCHEN EQUIPMENT COMPANY and
AMERICAN HOOD & EXHAUST, INC.,

                Third-Party Defendants.
-------------------------------------------------------------X
```
**APPEARANCES:**

**Sheps Law Group**
Attorneys for Plaintiff Charter Oak Fire Insurance Company
35 Pinelawn Road, Suite 106 East
Melville, NY 11747
By:     Robert C. Sheps, Esq.

**Cozen & O'Connor**
Attorneys for Plaintiff Liberty Mutual Fire Insurance Company
1900 Market Street
Philadelphia, PA 19103
By:     Mark E. Utke, Esq.

**Rubin, Fiorella & Friedman LLP**
Attorneys for Defendant/Third Party Plaintiff Tri-County Fire & Safety Equip. Co.
292 Madison Avenue, 11th Floor
New York, NY 10017
By:   Paul Frederic Kovner, Esq.

**Nelson Levine deLuca & Horst**
Attorneys for Defendant Bread & Butter LLC
120 Broadway, Suite 955
New York, NY 10271
By:   Konstantinos Katsaros, Esq

**Law Offices of Craig P. Curcio**
Attorneys for Third Party Defendant American Hood & Exhaust, Inc.
One Edgewater Drive
Middletown, NY 10940
By:   Timothy P. Blum, Esq.

**HURLEY, Senior District Judge:**

Presently before the Court are two motions for summary judgment. The first motion is by Defendant/Third-Party Plaintiff Bread & Butter, LLC d/b/a/ B.K. Sweeney's American Grill ("Sweeneys") and seeks summary judgment on Plaintiffs' claims against it, as well as all crossclaims and counterclaims. The second motion is by Third Party Defendant American Hood and Exhaust, Inc. ("American Hood") and seeks summary judgment on the third party claims asserted against it by Sweeneys, as well as all crossclaims.[1] For the reasons set forth below, both motions are denied.

**I. Background**

This subrogation litigation arises out of a fire which originated in a restaurant owned by

---

[1] While American Hood's notice of motion states that is seeks dismissal of "all cross-claims," no cross-claims have been identified in American Hood's papers and the Court has found none in the pleadings before it. Accordingly, the Court shall only address American Hood's motion insofar as it seeks summary judgment on the third party claims asserted against it.

Sweeneys on December 21, 2005 at approximately 4:00 a.m. Sweeneys leased the restaurant premises which was located at 475 Sunrise Highway, Lynbrook, New York. Plaintiffs, the insurers for the owner of the building where the restaurant was located and the adjacent tenant, commenced this action against Sweeneys and Tri-County Fire & Safety Equipment Co. ("Tri-County"), installer of a protective hood above the cookline in the restaurant's kitchen, seeking damages as result of the fire. As against Tri-County, the complaint alleges that it improperly installed a protective hood above the cookline in the restaurant's kitchen that was not code compliant and ultimately failed to suppress a fire, resulting in property damage. As against Sweeneys, Plaintiffs allege that it failed to properly install, inspect and maintain the kitchen ventilation and exhaust ductwork, including improperly utilizing combustible wood strips to hang the ventilation system and failing to keep the kitchen free of grease build-up. A breach of contract claim is also alleged.

Sweeneys thereafter commenced a third party action against American Hood alleging that it failed to properly perform cleaning services on the hood system.[2]

## II. The Parties' Contentions

### a. Sweeneys' Motion

In support of its motion, Sweeneys maintain that there is no evidence that it did anything to cause the fire, i.e. that poor maintenance by Sweeneys was the cause of the fire. Sweeneys points to Plaintiffs' expert report which concludes that (1) the initial development of the fire was the ignition of wood studs located along the west wall behind the ventilation hood; (2) the

---

[2] Sweeneys also named L.B. Kitchen Equipment Company as a third party defendant. The claims against L.B. Kitchen Equipment Company were dismissed pursuant to a stipulation of the parties.

incipient fire and spread of the fire involved the burning of cooking grease, grease laden vapors and class A combustible materials; and (3) the ventilation hood was installed by Tri-County directly onto 2x4 wood studs in direct violation of the required code and standard installation requirements and had it been installed as required by code, no ignition of combustible material would have occurred.

In response, Plaintiffs and Tri-County point to several pieces of evidence as sufficient to create an issue of fact as to Sweeneys' liability. First, the Nassau County Fire Marshall has attributed the fire's spread to a buildup of grease near the area of origin and indicated in its official report that the relevant grease collection pans in the kitchen did not appear to be emptied on a regular basis. Second, Neil Metz, the principal of Tri-County, testified at his deposition that his company did not install the improper combustible piece of wood located on the rear of the protective hood. Third, Sweeneys' management had no maintenance check list and did not supervise employees to ensure that they cleaned the grease collection pans directly behind the broiler on a regular basis. Plaintiffs and Tri-County maintain that a jury could determine that Sweeneys was negligent in maintain the property or in installing the wood behind the hood.

**B. American Hood's Motion**

American Hood also maintains that the record is bereft of any evidence that it was negligent or that any negligence on its part caused the fire. First, it claims there is no evidence that it negligently cleaned the hood. Second, it points to two experts reports, both of which conclude that the fire was the result of improper design, manufacture, and installation of the exhaust system.

In opposition, Sweeneys argues that if Plaintiffs' claims against it survive then it would

4

be premature to dismiss its contribution and indemnification claims against American Hood. Further it argues that it hired American Hood to perform cleaning services on the hood system and American Hood offers only its own self-serving testimony to support that it properly cleaned the hood. The only evidentiary material submitted by Sweeneys is the deposition testimony of American Hood.

## III. Summary Judgment Standard

### A. Rule 56 of the Federal Rules of Civil Procedure

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is only appropriate where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates both the absence of a genuine issue of material fact and one party's entitlement to judgment as a matter of law. *See Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994). The relevant governing law in each case determines which facts are material; "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). No genuinely triable factual issue exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could find in the non-movant's favor. *See Chertkova v. Conn. Gen'l Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996) (citing Fed. R. Civ. P. 56(c)).

To defeat a summary judgment motion properly supported by affidavits, depositions, or other documentation, the non-movant must offer similar materials setting forth specific facts that show that there *is* a genuine issue of material fact to be tried. *See Rule v. Brine, Inc.*, 85 F.3d

1002, 1011 (2d Cir. 1996). The non-movant must present more than a "scintilla of evidence," *Del. & Hudson Ry. Co. v. Cons. Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990) (quoting *Anderson*, 477 U.S. at 252), or "some metaphysical doubt as to the material facts," *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1072 (2d Cir. 1993) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)), and cannot rely on the allegations in his or her pleadings, conclusory statements, or on "mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (internal citations omitted). Affidavits submitted in opposition to summary judgment must be based on personal knowledge, must "set forth such facts as would be admissible in evidence," and must show that the affiant is "competent to testify to the matters stated therein." *Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004) (citing Fed. R. Civ. P. 56(e)). "Rule 56(e)'s requirement that the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavit also means that an affidavit's hearsay assertions that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial." *Patterson*, 375 F.3d at 219 (citing *Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 160 (2d Cir. 1999)).

When determining whether a genuinely disputed factual issue exists, "a trial judge must bear in mind the actual quantum and quality of proof necessary to support liability," or "the substantive evidentiary standards that apply to the case." *Anderson*, 477 U.S. at 254-55. A district court considering a summary judgment motion must also be "mindful of the underlying standards and burdens of proof," *Pickett v. RTS Helicopter*, 128 F.3d 925, 928 (5th Cir. 1997) (citing *Anderson*, 477 U.S. at 252), because the evidentiary burdens that the respective parties will bear at trial guide the district court in its determination of a summary judgment motion. *See*

*Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988). Where the non-moving party will bear the ultimate burden of proof on an issue at trial, the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the non-movant's claim. *See id.* at 210-11. Where a movant without the underlying burden of proof offers evidence that the non-movant has failed to establish her claim, the burden shifts to the non-movant to offer "persuasive evidence that [her] claim is not 'implausible.'" *Brady*, 863 F.2d at 211 (citing *Matsushita*, 475 U.S. at 587). While a court must resolve all factual ambiguities and draw all reasonable inferences in favor of the non-moving party, *see Donahue v. Windsor Locks Bd. of Fire Comm'rs*, 834 F.2d 54, 57 (2d Cir. 1987), a non-movant cannot defeat summary judgment with nothing more than "unsupported assertions," *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995), or the allegations in its pleadings. *See Cifarelli v. Vill. of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996); *see also* Fed. R. Civ. P. 56(e).

Finally, the Court notes that a party's burden on summary judgment is not satisfied by the wholesale submission of depositions and documents. Rather, it is incumbent upon the parties to particularly direct a court's attention to the specific portion of a deposition or specific document that it wishes a court to consider. Concomitantly, it is only those portions of the record submitted in connection with a motion to which the court's attention is specifically directed, that the court is obligated to consider in determining whether a material issue of fact exists. In other words, a court is not obligated to hunt through depositions, submitted in bulk, in an effort to identify factual disputes. "[I]t is the duty of the parties, not the court, to sift through the record and bring to the court's attention the pertinent information that may create or defeat a triable issue of fact." *McDonald v. Gonzales*, 2007 WL 951445, *4 (N.D.N.Y. Mar. 27, 2007) (citing

7

*Amnesty America v. Town of West Hartford*, 288 F.3d 467, 470 (2d Cir. 2002); *Monahan v. N.Y. City Dep't of Corrections*, 214 F.3d 275, 291 (2d Cir. 2000)); *see also 24/7 Records, Inc. v. Sony Music Entertainment* Inc., 429 F.3d 39, 46 (2d Cir. 2005) ("'A court is not required to consider what the parties fail to point out in their Local Rule 56.1 statements.'") (quoting *Holtz v. Rockefeller & Co*, 258 F.3d 62, 73 (2d Cir. 2001)); *Downes v. Beach,* 587 F.2d 469, 472 (10th Cir.1978) ("While the trial court has discretion to conduct an assiduous review of the record in an effort to weigh the propriety of granting a summary judgment motion, it is not required to consider what the parties fail to point out.").

### B. Local Rules

The Eastern District of New York has duly adopted Local Rules which govern the conduct of cases pending in this District. *See* Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (effective April 15, 1997, as amended through April 15, 2009) ("Local Rules").

Local Rule 7.1 provides, that "[e]xcept as otherwise permitted by the court, all motions and oppositions thereto shall be supported by memorandum of law, setting forth the points and authorities relied upon in support of or in opposition to the motion, and divided, under appropriate headings, into as many parts as there are points to be determined. Willful failure to comply with this rule may be deemed sufficient cause for denial of a motion or for the granting of a motion by default."

Local Rule 56.1 provides for the submission of statements of material facts on motions for summary judgment. Local Rule 56.1(a) provides: "Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil procedure, there shall be annexed to the notice

8

of motion a separate, short, and concise statement, **in numbered paragraphs,** of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion." (Emphasis in original.)

## IV. The Motions are Denied

As an initial matter, the Court addresses the procedural defects in the form of the papers submitted by American Hood and Sweeneys. Both these parties submitted only affirmations of counsel which do contain some citations to case law and are divided in sections under headings. Neither party, however, submitted a memorandum of law as required by Local Rule 7.1.

> It is well-established that '[a]n affirmation alone will not satisfy the requirements of Rule 7.1' *Microsoft Corp. v. K&E Computer Inc.*, No. 00 Civ. 7550, 2001 WL 332962, at *1 (S.D.N.Y. Apr. 4. 2001); *Wenzhou Wanli Food Co. v. Hop Chong Trading Co.*, No. 98 Civ. 5045, 2000 WL 96499, at *3 (S.D.N.Y. July 11, 2000) ("Submitting an affidavit rather than a memorandum of law is insufficient under Local Rule 7.1."). "Failure to file a memorandum of law in opposition to the opposing party's motion is, by itself, a sufficient basis to grant the motion." *Kamera v. United States*, No. 04 Civ. 626, 2005 WL 2298176, at *1 (S.D.N.Y. Sept. 20, 2005) (citing *Loew v. Kolb*, No. 03 Civ. 5064, 2003 WL 22271221, at *2 (S.D.N.Y. Sept. 30, 2003)).

*Employers Ins. Co. of Wausau v. Skinner,* 2008 WL 4283346, at * 4 (E.D.N.Y. Sept. 17, 2008). Additionally, neither Sweeneys nor American Hood submitted a statement of material fact in support of its motion for summary judgment as required by Local Rule 56.1. It is within the Court's discretion to deny both motions based on these procedural deficiencies. *See id.* These procedural deficiencies provide a sufficient basis to deny both motions.

In addition, there are material issues of fact which preclude the granting of summary judgment. There is evidence that there was a build-up of grease near the point of origin and that

grease collection pans in the kitchen may not have been emptied on a regular basis. American Hood was responsible for cleaning the hood system and Sweeneys was responsible for emptying the grease collection pans. Moreover, the report of the Fire Marshall provides support for a jury to find that the collection of grease may have contributed to the spreading of the fire. While there is also evidence that the fire may have been caused by improper installation of the hood, the issues of fact relating to negligence and proximate causation will have to be decided by a jury.

## Conclusion

Sweeneys' and American Hood's motions for summary judgment are denied.

Dated: Central Islip, New York
April 27, 2008

/s/
Denis R. Hurley
United States Senior District Judge